[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Washbar brings this action in the form of a single count complaint consisting of nine paragraphs. The defendant, in her Answer admitted paragraphs one and four and denied the remaining paragraphs.
Paragraph one of the complaint provides as follows:
 1. The Plaintiff, Washbar Properties, LLC is a Connecticut limited liability company and is the owner of title to real property known as 752 Washington Street, Middletown, Connecticut which is a single family dwelling on a parcel of land (hereinafter said leased property shall be referred to as the "Premises".
Paragraph four of the complaint provides as follows:
 4. The Defendant failed to pay rental for the month of October 2001 in the amount of $550.00.
A trial of this matter was conducted and completed on October 16, 2002. Present and testifying at trial were Mr. Carl Fortuna "an agent" of Washbar, LLC who was duly authorized to act on the plaintiffs behalf and Suzanne Dellavalle, the defendant.
After reviewing the evidence produced at said trial and evaluating the credibility of the witnesses, this court finds that the more credible and convincing evidence proves the following facts by a fair preponderance of the evidence:
 Facts:
The plaintiff, Washbar Properties, LLC (hereinafter "Washbar" is a Connecticut limited liability company, and is the owner of title to real CT Page 12977 property known as 752 Washington Street, Middletown, Connecticut.
On January 1, 1995 the parties entered into a leasing agreement concerning the aforementioned premises for a rental amount of five hundred and fifty dollars ($550.00) per month.
As a part of the rental agreement, the parties agreed that the defendant would pay all water and sewer use bills related to the premises. While there is some dispute as to when the defendant incurred this obligation, the more credible and convincing evidence indicates that the defendant agreed to pay the entire bill, including charges, interest and liens a total of six hundred ninety six dollars and eighty four cents ($696.84). Despite incurring the aforementioned obligation, the defendant never paid said bill.
The defendant failed to pay the five hundred and fifty dollars ($550.00) rental for the Month of October 2001 (Admitted by the defendant in her answer filed on February 7, 2002.). Subsequent to the failure to pay rent, the plaintiff served the defendant at her usual place of abode with a Notice to Quit. Said notice was served on October 31, 2001. The notice provided that the defendant was to quit the premises on or before November 6, 2001.
The defendant vacated the premises on November 5, 2002 and had the service for lights and power to the living unit terminated on November 6, 2002.
Although living in the subject premises for a portion of the month of November, the defendant did not pay any rent or use and occupancy for said month. As was previously stated, the rent for the subject premises was five hundred and fifty dollars ($550.00) per month.
On November 5, 2001, the defendant removed her valuables from the subject premises, but because of perceived time constraints, she left numerous plastic bags filled with some of her personal property, as well as appliances, furniture and other household items at the premises. The defendant also disposed of several plastic bags filled with various items by throwing them out of the window of the unit and then leaving them lying on the ground outside of the premises.
In addition to the aforementioned items there was an abandoned car that was owned by an individual who shared the subject living space with the defendant. Said individual died sometime prior to the defendant vacating the subject premises. CT Page 12978
After the defendant had vacated the premises, the plaintiff paid two thousand three hundred dollars ($2,300.00) to JD Unlimited to clean up the personal property, trash and other materials that had been abandoned by the defendant.
The defendant presented credible and convincing evidence that individuals unknown to her and beyond her control contributed to trash and other materials being dumped at the subject premises.
 Discussion:
The defendant in this matter agreed to pay a rental fee of five hundred and fifty dollars per month for her use of the premises known as 752 Washington Street, Middletown Connecticut. The defendant has admitted that she failed to pay rent for the month of October 2001 and therefore is liable for this amount.
The defendant did not vacate the premises until November 5, 2001 after receiving a Notice to Quit, some six days before said date. The plaintiff presented credible evidence that it could not rent the subject premises for the Month of November, i.e. the term of the month to month lease. The plaintiff is therefore entitled to receive use and occupancy for the month of November 2001.
Credible and convincing evidence was presented at the trial that proved the defendant did not surrender the subject premises in good order and in a clean condition at the expiration of the lease. As a result of the defendant's actions, the plaintiff incurred an expense of two thousand three hundred dollars ($2,300.00) to clean the premises. In light of the credible and convincing evidence being presented that individuals beyond the control of the defendant contributed to the trash and other materials being dumped at the subject property, the Court gives the defendant a five hundred dollar credit ($500.00) towards the clean up expenses.
 Conclusion:
Judgment may enter for the plaintiff and against the defendant in the amount of three thousand five hundred ninety six dollars, ($3,596.84) plus costs. The court has considered, but declines to award interest.
The court enters an order of nominal payments of one hundred and fifty dollars and fifty cents per month, commencing December 1, 2002.
 ___________________ Richard Allan Robinson, J
October 16, 2002 CT Page 12979